IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21097-MOORE/ELFENBEIN

**REPUBLIC OF PANAMA**,

    *Petitioner*,

vs.

**OMEGA ENGINEERING LLC, and
OSCAR RIVERA**,

    *Respondents*.

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Respondents Omega Engineering LLC ("Omega") and Oscar Rivera ("Rivera", and with Omega, collectively, "Respondents"), by and through their undersigned counsel, hereby answer the Petition to Recognize and Enforce ICSID Arbitration Award (ECF No. 1) ("Petition") filed by the Republic of Panama ("Petitioner" or "Panama"), as follows:

### PRELIMINARY STATEMENT

1.    Respondents admit only that the Petition purports to state a claim to confirm and enforce the "Final Award" (defined in and attached to the Petition as Exhibit 1).

2.    Respondents admit only that the Final Award speaks for itself and deny the remaining allegations.

3.    Respondents admit only that the Final Award speaks for itself, and that Respondents have not paid the Final Award.

### PARTIES, JURISDICTION AND VENUE

4.    Respondents admit the allegations.

5.    Respondents admit the allegations.

6. Respondents admit the allegations.

7. Respondents admit the allegations.

8. Respondents admit only that 22 U.S.C. § 1650a speaks for itself. Respondents deny that this Court has subject matter jurisdiction over the present matter as there exists no live case or controversy. Specifically, following the issuance of the Final Award, the Republic of Panama and Respondents entered into a binding settlement agreement under which the Republic of Panama agreed to forego any payment of the Final Award by the ICSID Tribunal in exchange for Respondents agreeing not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Tribunal's Final Award, and to refrain from pursuing any substantive claims in any commercial arbitration. The settlement of these issues resolved the disputes underlying the petition for enforcement that is currently before this Court. As a result, there is no ongoing dispute requiring resolution by this Court, thereby rendering the case moot under the constitutional requirement that federal courts may only adjudicate actual, ongoing cases or controversies. Since the core issues have been conclusively settled, any continuation of this proceeding would not afford the parties any effective relief and would constitute an impermissible advisory opinion, thus divesting this Court of jurisdiction over the matter.

9. Respondents admit only that 22 U.S.C. § 1650a speaks for itself.

10. Respondents admit venue is proper with this Court.

## THE ARBITRATION AND THE AWARD

11. Respondents admit only that the Final Award speaks for itself.

12. Respondents admit only that the Final Award speaks for itself.

13. Respondents admit only that the Final Award speaks for itself.

14. Respondents admit only that the Final Award speaks for itself.

15. Respondents admit only that the Final Award speaks for itself.

16. Respondents admit only that the Final Award speaks for itself.

17. Respondents admit only that the Final Award speaks for itself. Following the issuance of the Final Award by the ICSID Tribunal (which ruled only on jurisdictional grounds and awarded only the fees and costs of the ICSID Respondent), Respondents and Petitioner engaged in negotiation concerning enforcement of the Final Award beginning on or about October of 2022. These negotiations resulted in an agreed upon and binding complete settlement of the Final Award, with the understanding that Panama was to execute certain subsequent procedural and routine formalities by certain administrative agencies of the Republic of Panama. The settlement between Respondents and the Republic of Panama was not, however, conditioned on the post-settlement procedural and routine formalities undertaken by Panama. Pursuant to the representations of Panama's representatives -- both within and without the government -- and the terms of the agreed settlement, Respondents surrendered their rights under the ICSID Convention to have the Tribunal's Final Award interpreted, revised, or annulled, and further surrendered their rights to seek additional remedies in any commercial arbitration proceedings.

## COUNT I: FOR RECOGNITION OF AN ICSID ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a

18. Respondents admit only that the Final Award speaks for itself.

19. Respondents admit only that Article 54(1) of the ICSID Convention speaks for itself.

20. Respondents admit only that 22 U.S.C. § 1650a(a) speaks for itself.

21. Respondents admit only that the Final Award speaks for itself, and that Respondents have not paid the Final Award.

22. Respondents deny the allegations. Respondents and Panama entered a binding and

complete settlement agreement, detailed in the Affirmative Defenses and Counterclaims below, whereby Panama agreed to forego payment of the Final Award in exchange for Respondents not pursuing their rights under the ICSID Convention to have the ICSID Tribunal's Final Award interpreted, revised, or annulled, as well as not pursuing resolution of their substantive claims in commercial arbitration.

## PRAYER FOR RELIEF

23. Respondents deny the relief requested by Panama.

## GENERAL DENIAL

24. Respondents deny each allegation of the Petition, or portion thereof, not expressly admitted.

## AFFIRMATIVE DEFENSES

Without assuming any burden they would not otherwise bear, and reserving the right to assert other defenses as this action proceeds up to, and including the time of trial, Respondents assert the following separate and additional defenses:

### First Affirmative Defense
### (Mootness)

1. Respondents assert the affirmative defense of mootness. Following the issuance of the Final Award, the Republic of Panama and Respondents entered into a binding settlement agreement. Under this agreement, the Republic of Panama agreed to forego any payment of the Final Award by the ICSID Tribunal in exchange for Respondents agreeing not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the ICSID Tribunal's Final Award, and further agreed to refrain from pursuing their substantive claims in any commercial arbitration.

2. The terms of this binding settlement agreement have resolved the disputes

4

underlying the petition for enforcement currently before this Court. Accordingly, there no longer remains a live controversy over which this Court can exercise jurisdiction or provide meaningful relief as required under the case-or-controversy limitation of the United States Constitution.

3. Given that the essential issues presented by the Petitioner's enforcement action have been settled by mutual agreement between the parties, and the Respondents have complied with the terms of this agreement, the present action is rendered moot. This Court therefore lacks the subject matter jurisdiction to grant any relief, and this action should be dismissed pursuant to the mootness doctrine, as further continuation of this proceeding would amount to an impermissible advisory opinion without any effective relief available.

## Second Affirmative Defense
### (Release)

4. Respondents assert the affirmative defense of release. Following the issuance of the Final Award, the Republic of Panama and Respondents entered into a binding settlement agreement. Under this agreement, the Republic of Panama agreed to forego any payment of the Final Award by the ICSID Tribunal in exchange for Respondents agreeing not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Tribunal's Final Award, and further agreed to refrain from pursuing the unresolved substantive claims in any commercial arbitration. Consequently, the Republic of Panama released Respondents from all liability related to any claims that existed at the time of the settlement or that might arise in the future from anything done by the Respondents prior to the date of the settlement, including all claims set forth in the complaint filed here.

## Third Affirmative Defense
### (Accord and Satisfaction)

5. Respondents assert the affirmative defense of accord and satisfaction. Following

the issuance of the Final Award, as a result of good and valuable consideration, the Republic of Panama and Respondents entered into a binding settlement agreement, which resolved the dispute underlying the petition for enforcement of the Final Award by the ICSID Tribunal.

6. This settlement agreement constitutes an accord where the Republic of Panama and Respondents agreed to a substituted performance different from that originally claimed due under the terms of the ICSID Final Award. Specifically, under the settlement agreement, the Republic of Panama agreed to forego any payment of the Final Award in exchange for Respondents agreeing not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Tribunal's Final Award and to refrain from pursuing their substantive claims in any commercial arbitration.

7. The mutual intent to settle the existing dispute through this substituted performance was clearly expressed and agreed upon by both parties. This is evidenced by the formal settlement agreement executed by both parties, where the Republic of Panama accepted the new terms proposed by Respondents as full and final satisfaction of any claims related to the ICSID Final Award.

8. Respondents fulfilled their obligations under this superseding agreement by refraining from initiating any post-award remedies under the ICSID Convention and by not pursuing their substantive claims through commercial arbitration, as agreed.[1] This performance by the Respondents was accepted by the Republic of Panama as full satisfaction and discharge of the prior disputed obligation regarding the Final Award.

---

[1] As noted below in the Counterclaims, as a result of the Republic of Panama's breach of the settlement agreement and in an effort to mitigate their damages, Respondents have recently initiated a commercial arbitration action against Panama concerning the underlying substantive matters. This action was taken, in part, to safeguard against the forfeiture of any further rights subject to time limits on the commencement of commercial arbitration, thus demonstrating Respondents' continued adherence to their legal obligations and diligent pursuit of available remedies.

9. As a result of the completion of the accord and satisfaction, there remains no live dispute regarding the enforcement of the Final Award, and this case should be dismissed accordingly.

## Fourth Affirmative Defense
### (Equitable Estoppel)

10. Respondents assert the affirmative defense of equitable estoppel. Petitioner, the Republic of Panama, is not entitled to enforce the Final Award, as the Petitioner has engaged in conduct that warrants the application of equitable estoppel based on principles of fair play and essential justice. Specifically, the Republic of Panama conducted negotiations and reached a binding and complete settlement agreement with Respondents, wherein the Petitioner agreed to forego the enforcement of the Final Award in exchange for Respondents' agreement not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Final Award or pursue their remedies in commercial arbitration. Relying in good faith on this agreement and the Petitioner's conduct, Respondents did not pursue their rights under the ICSID Convention within the prescribed time, which has now expired.

11. By negotiating and entering the agreed settlement, the Republic of Panama induced Respondents to alter their position to their detriment, causing a significant legal and practical disadvantage. The Petitioner's conduct effectively lulled Respondents into a false sense of security, leading them to believe that no further action was required regarding the Final Award, thereby preventing them from seeking potential legal remedies or challenges to the award.

12. Through the Republic of Panama's subsequent -- unilateral and unlawful -- withdrawal from the agreed settlement, Respondents have suffered damages and have been prejudiced by losing their opportunity to address or contest the Final Award, a right they would have otherwise pursued. The doctrine of equitable estoppel, therefore, precludes the Petitioner

from asserting their right to enforce the Final Award or claim any equitable remedy, as such enforcement would profit from the Petitioner's own misconduct and result in manifest injustice to Respondents.

### Fifth Affirmative Defense
### (Waiver)

13. Respondents assert the affirmative defense of waiver. Petitioner, the Republic of Panama, is not entitled to enforce the Final Award, as the Petitioner has voluntarily relinquished the known right to enforce the Final Award. Specifically, through the process of negotiating and entering into a binding settlement agreement with Respondents, the Republic of Panama explicitly agreed to forego enforcement of the Final Award. In return, Respondents agreed not to exercise their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Final Award and also agreed to relinquish their rights to pursue further commercial arbitration on their substantive claims initially brought before the ICSID Tribunal.

14. By entering into this settlement agreement, Petitioner has knowingly and voluntarily waived the right to enforce the Final Award. This waiver was clearly intended and understood by both parties as part of the settlement, where significant rights and legal opportunities were exchanged — Petitioner waiving enforcement of the award in exchange for Respondents waiving their rights to further legal challenges and arbitrations regarding the substantive matters of the dispute.

15. The conduct of the Petitioner, as evidenced by the agreement to the terms of the settlement, constitutes a clear relinquishment of any legal claim to enforce the Final Award against Respondents. As such, the Petitioner should be barred from now asserting a right that has been explicitly waived, and enforcement of the award or any other equitable relief should thus be denied.

**Sixth Affirmative Defense**

**(Reservation of Rights)**

16. Respondents reserve the right to raise any additional defenses that may become available or apparent as the result of discovery in this matter.

**RESPONDENTS' COUNTERCLAIMS AGAINST PETITIONER**

**Parties, Jurisdiction and Venue**

1. Counter-Plaintiff, Oscar Rivera ("Rivera") is a natural person and a citizen of the United States. Mr. Rivera is a resident of Miami, Florida, and owns and controls Respondent Omega Engineering LLC ("Omega").

2. Counter-Plaintiff, Omega, is a company incorporated in the Commonwealth of Puerto Rico.

3. Counter-Defendant, Republic of Panama, is a sovereign state and a Contracting State of the ICSID Convention.

4. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1367(a).

   a. This Court has original jurisdiction over Panama's Petition pursuant to 28 U.S.C. § 1331.

   b. Section 1367 provides the Court with supplemental jurisdiction over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh Circuit has held that § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir.1997) (citing *United*

9

>   *Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–25, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).
>
>   c.  Counter-Plaintiffs' claims arise out of an agreement between Counter-Plaintiffs, Oscar Rivera and Omega Engineering LLC, and Counter-Defendant, the Republic of Panama, wherein the Republic of Panama agreed not to enforce the Final Award from the ICSID Tribunal in exchange for Counter-Plaintiffs agreeing not to pursue their rights under the ICSID Convention or to initiate further commercial arbitration concerning the underlying substantive issues of the dispute. These counterclaims, seeking relief due to breach of the settlement agreement and collateral estoppel, are so related to the original jurisdiction claim concerning the enforcement of the ICSID Final Award that they form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction to hear these counterclaims pursuant to 28 U.S.C. § 1367(a), as they share a common nucleus of operative fact with the substantial federal claim initiated by Counter-Defendant's petition.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here. Specifically, the settlement agreement, which is central to the counterclaims asserted, was negotiated and agreed upon by Counter-Plaintiffs within this District. Additionally, the breach alleged by Counter-Plaintiffs, namely the Republic of Panama's filing of the petition to enforce the ICSID Final Award despite the terms of the settlement agreement, occurred in this District and has direct and significant impacts on Counter-Plaintiffs who are residents and entities operating within this District.

Consequently, this District has a strong connection to the actions underlying the litigation, making it a suitable venue for adjudicating the disputes presented in this case.

## Immunity

6.  The Republic of Panama does not enjoy immunity in this action pursuant to 28 U.S.C. § 1607(b). Panama initiated this lawsuit in a United States court seeking enforcement of the ICSID Final Award. Under section 1607(b), a foreign state is not accorded immunity regarding any counterclaims that arise out of the transaction or occurrence that is the subject matter of the foreign state's claim. The counterclaims filed by the Counter-Plaintiffs directly arise from the same transaction or occurrence — specifically, the settlement agreement related to the enforcement of the ICSID Final Award. Thus, the Republic of Panama is not entitled to immunity against these counterclaims in this court.

## Nature of the Counterclaims and Background

7.  The Tribunal issued its Final Award on October 14, 2022, dismissing all of Counter-Plaintiffs' claims. The dismissal was based on a jurisdictional finding that the claims were commercial in nature and not based on sovereign acts.

8.  In addition to dismissing the claims, the Tribunal awarded the Republic of Panama a significant percentage of its costs for successfully defending the case, amounting to US $4,840,086.78.

9.  Within approximately two weeks following the entry of the Final Award, the parties commenced negotiations for a settlement before the time expired to seek interpretation, revision, or annulment of the Tribunal's Final Award.

10. According to the ICSID Convention, the remedies available after an award include:

    a. Interpretation of the award if there is a dispute about its scope or meaning, which can be requested any time after the award is rendered.

    b. Revision of the award based on new facts that decisively affect the award and were unknown at the time the award was rendered, which must be requested within 90 days after the discovery of the fact and within three years from the date of the award.

    c. Annulment of the award on specific grounds such as improper constitution of the Tribunal or corruption among the Tribunal members, which must be requested within 120 days after the award is rendered or after discovering the corruption.

11. The settlement negotiations were initiated between counsel for Counter-Plaintiffs and a legal adviser at the Minister of Finance and Economy (the "Ministry") of the Republic of Panama who manages investor–state dispute settlement on behalf of the Republic of Panama.

12. These negotiations were undertaken with the understanding that a resolution would eliminate the need for pursuing these post-award remedies under the ICSID Convention.

13. In the first week of November 2022, Counter-Plaintiffs presented the initial draft of the settlement agreement to the Ministry's legal advisor, promptly emphasizing the urgency to finalize the agreement due to the approaching deadlines for challenging the ICSID Final Award. The Ministry's legal advisor confirmed their awareness of these deadlines by mid-November.

14. By December 7, 2022, the Ministry's legal advisor informed Counter-Plaintiffs that the settlement proposal had been fully approved by the Ministry, leaving only the administrative and routine task of finalizing the agreement's text. The Ministry's legal advisor and Counter-Plainitffs fully understood and agreed that these administrative and routine tasks were not conditions precedent to the finality or binding nature of the settlement agreement.

15. The Ministry further committed to informing their retained outside counsel of the settlement to prevent any enforcement action of the ICSID Final Award.

16. In late December 2022, retained private counsel of the Republic of Panama submitted a revised draft of the settlement agreement in both English and Spanish, which reflected the discussions and agreements between the parties. . Counter-Plaintiffs reviewed and generally agreed with the draft, suggesting minor and inconsequential adjustments to the agreement.

17. By early January 2023, after incorporating most of Counter-Plaintiffs' changes, the Republic of Panama's retained outside counsel sought final approval of the text. Counter-Plaintiffs communicated their consent to all changes on January 9, 2023.

18. The fundamental terms of the agreement, as mutually understood and accepted by both parties, stipulate that the Republic of Panama agreed not to enforce the Final Award by the ICSID Tribunal. In exchange, Counter-Plaintiffs, consisting of Omega Engineering LLC and Oscar Rivera, agreed to relinquish their rights under the ICSID Convention to seek interpretation, revision, or annulment of the Tribunal's Final Award, and to refrain from pursuing their substantive claims in any commercial arbitration. Additionally, the agreement provided for a comprehensive release of all claims related to or arising from specified contracts and the subject matter of the disputes leading to the Award, effectively resolving all outstanding contractual disputes and any related claims between the parties.

19. The Ministry's legal advisor and retained outside counsel for the Republic of Panama advised that the settlement agreement, which was binding and fully approved, was to then proceed to the Minister of Finance and Economy for routine administrative endorsement referenced above in paragraph 14.

20. Counter-Plaintiffs relied on Panama's representations and assurances that it was acting in good faith to resolve all claims substantively and procedurally, including those related to the Final Award.

21. The filing of this enforcement action by the Republic of Panama on March 21, 2024 (ECF No. 1), despite the agreed terms of the settlement, constitutes a direct contravention and breach by Panama of the settlement agreement, resulting in significant legal and financial detriment to the Counter-Plaintiffs.

22. As a direct consequence of Panama's breach of the settlement agreement and the protracted negotiations that preceded it, Counter-Plaintiffs have incurred substantial damages, including legal costs and the loss of potential remedies and claims under the ICSID Convention and through commercial arbitration. Consequently, Counter-Plaintiffs seek substantial actual and consequential damages for these losses. Additionally, Counter-Plaintiffs request declaratory and injunctive relief to dismiss this enforcement action as moot, in light of the fully executed and binding settlement agreement.

## COUNT I
### Breach of Contract

23. The allegations in Counterclaim Paragraphs 1-22 are incorporated herein by reference as if fully set forth herein.

24. After extensive negotiations, the Republic of Panama and Counter-Plaintiffs finalized a binding settlement agreement, under which the Republic of Panama explicitly agreed not to enforce the Final Award issued by the ICSID Tribunal. In return, Counter-Plaintiffs agreed not to pursue their rights under the ICSID Convention to seek interpretation, revision, or annulment of the award, as well as to refrain from pursuing the substantive claims in commercial arbitration.

25. Counter-Plaintiffs fully performed their obligations under the settlement agreement by refraining from initiating any post-award remedies under the ICSID Convention within the prescribed time limits and by not pursuing their substantive claims through commercial arbitration.

26. Notwithstanding its agreement and representations, the Republic of Panama breached the terms of the settlement agreement by initiating this enforcement action to demand the enforcement of the Final Award, which was waived under the terms of the settlement.

27. As a result of the Republic of Panama's breach of the settlement agreement, Counter-Plaintiffs have suffered significant legal detriment and damages, including, but not limited to, the costs incurred in defending against this enforcement action, as well as the loss of potential remedies and claims they could have pursued under the ICSID Convention and through commercial arbitration.

28. In response to the Republic of Panama's breach of the settlement agreement and in an effort to mitigate their damages, Counter-Plaintiffs have proactively initiated a commercial arbitration action against Panama concerning the underlying substantive matters. This action was taken, in part, to safeguard against the forfeiture of any further rights subject to time limits on the commencement of commercial arbitration, thus demonstrating Counter-Plaintiffs' continued adherence to their legal obligations and diligent pursuit of available remedies.

WHEREFORE, Counter-Plaintiffs respectfully request that the Court award actual and consequential damages for the Republic of Panama's breach of the settlement agreement. Additionally, Counter-Plaintiffs seek declaratory relief confirming that the enforcement action is moot based on the terms of the settlement agreement and such other remedies as this Court may deem appropriate, including costs and legal fees arising out of this action.

## COUNT II
### Promissory Estoppel

29. The allegations in Counterclaim Paragraphs 1-22, 24, and 25 are incorporated herein by reference as if fully set forth herein.

30. During the settlement negotiations, the Republic of Panama, through its representatives and legal advisors, made explicit and implicit promises and commitments to Counter-Plaintiffs that they would not enforce the Final Award and that these terms had been granted, or would be granted, final approval by the Ministry. These commitments and promises were communicated during the discussions that led to the mutual agreement on the fundamental terms of the settlement.

31. Counter-Plaintiffs reasonably and justifiably relied on Panama's promises and commitments by refraining from initiating any post-award remedies within the prescribed time limits and from pursuing unresolved substantive claims against Panama.

32. However, despite these clear promises and commitments, the Republic of Panama initiated this enforcement action, directly contravening the agreed terms of the settlement and contrary to its promises to Counter-Plaintiffs. As a direct result, Counter-Plaintiffs have suffered substantial damages, including the loss of their legal rights to challenge or seek redress under the ICSID award, as well as incurring significant legal costs and other damages from having to defend against this action and initiate commercial arbitration to mitigate their losses.

33. Enforcing the Republic of Panama's promises as set forth in the settlement negotiations is necessary to avoid injustice and to hold the Republic of Panama accountable for the commitments it made, which were reasonably relied upon by Counter-Plaintiffs to their detriment.

34. Counter-Plaintiffs do not have an adequate remedy at law.

WHEREFORE, Counter-Plaintiffs respectfully request that the Court find in their favor on their claim for promissory estoppel, and award actual and consequential damages arising out of the Republic of Panama's breach of its commitments and promises. Additionally, Counter-Plaintiffs seek any other relief or remedies as the Court deems just and appropriate, including costs and legal fees incurred by Counter-Plaintiffs arising out of this action.

## DEMAND FOR JURY TRIAL

Please take notice that, pursuant to Fed. R. Civ. P. 38(b) Respondents/Counter-Plaintiffs demand trial by jury on all issues so triable.

Dated: May 13, 2024

Respectfully submitted,

**Concepcion Global PLLC**
201 S. Biscayne Blvd.
Suite 2800
Miami, Florida 33131
Telephone: (305)-444-6669

By: *Carlos F. Concepcion*
Carlos F. Concepcion
Florida Bar No. 386730
cfconcepcion@concepcionlaw.com