UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21097-MOORE/ELFENBEIN

**REPUBLIC OF PANAMA**,

    Plaintiff,

v.

**OMEGA ENGINEERING LLC**, *et al.*,

    Defendants.
_____/

**OMEGA ENGINEERING LLC**, *et al.*,

    Counter-Plaintiffs,

v.

**REPUBLIC OF PANAMA**,

    Counter-Defendant.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

**THIS CAUSE** is before the Court on Defendant/Counter-Plaintiff Omega Engineering LLC and Defendant/Counter-Plaintiff Oscar Rivera's Amended Notice of Hearing (the "Notice"), in which Defendants/Counter-Plaintiffs (collectively, "Omega") alerted the Court that the Parties required the Court's assistance with twelve discovery disputes.[1] *See* ECF No. [59]. In the Notice, Omega asked to be heard on "the following discovery disputes":

    **Discovery Dispute No. 1:** The parties dispute the appropriateness of Petitioner Republic of Panama's refusal to produce documents responsive to Respondents'

---

[1] Although there are thirteen numbered disputes in the Notice, Discovery Dispute No. 12 is an exact duplicate of Discovery Dispute No. 11, *see* ECF No. [57] at 3–4, so the Court does not need to discuss it or rule on it. To avoid confusion, however, the Court preserves Omega's numbering by simply omitting Discovery Dispute No. 12.

First Requests for Production, citing its pending Motion to Stay Discovery based on its Motion for Judgment of Petition to Recognize and Enforce ICSID Award and Motion to Dismiss Respondents' Counterclaims (ECF No. 47). Specifically, Panama has objected to producing any documents in response to all Requests for Production Nos. 1 through 13.

**Discovery Dispute No. 2:** The parties dispute whether the terms "execution" and "alleged breach" of the settlement agreement in Request for Production No. 1 are vague and assume facts not in evidence, and whether the request is overly broad, burdensome, and proportional to the case needs.

**Discovery Dispute No. 3:** The parties dispute whether Request for Production No. 2 is overly broad, burdensome, and proportional to the case needs, and whether the documents requested are duplicative or already in Respondents' possession.

**Discovery Dispute No. 4:** The parties dispute whether the terms "true up" and "liquidation process" in Request for Production No. 3 are vague and speculative, and whether the request is overly broad, burdensome, and proportional to the case needs, and relevant to the parties' claims or defenses.

**Discovery Dispute No. 5:** The parties dispute whether Request for Production No. 4, which seeks documents related to any payments or amounts claimed by Respondents under the Construction Contracts subject to the true-up or liquidation process, is vague in its use of the terms "true up" and "liquidation," and whether it is duplicative, overly broad, burdensome, and relevant to the parties' claims or defenses.

**Discovery Dispute No. 6:** The parties dispute whether Request for Production No. 5, which seeks documents related to enforcement actions taken by Petitioner in Panama or any other jurisdiction in relation to the ICSID Final Award, is overly broad, unduly burdensome, and proportional to the needs of the case, and whether the requested information is relevant to Respondents' claims or defenses.

**Discovery Dispute No. 7:** The parties dispute whether Request for Production No. 7, which seeks documents related to any settlement discussions or negotiations between Petitioner and Respondents regarding the ICSID Final Award, is duplicative, overly broad, unduly burdensome, and proportional to the needs of the case.

**Discovery Dispute No. 8:** The parties dispute whether Request for Production No. 10, which seeks documents related to the termination of the Construction Contracts, is overly broad, unduly burdensome, and relevant to the issues in dispute.

**Discovery Dispute No. 9:** The parties dispute whether Request for Production No. 11, which seeks documents related to the calculation and determination of amounts owed under the true-up or liquidation process for the Construction Contracts, is

> vague in its use of the terms "true up" and "liquidation," and whether it is duplicative, overly broad, burdensome, and relevant to the parties' claims or defenses.
>
> **Discovery Dispute No. 10:** The parties dispute whether Request for Production No. 12, which seeks documents related to any audits, reviews, or inspections of the Construction Contracts conducted by or on behalf of Petitioner, is overly broad, unduly burdensome, and relevant to the issues in dispute.
>
> **Discovery Dispute No. 11:** The parties dispute whether Request for Production No. 13, which seeks documents related to any investigations, audits, or reviews conducted by Petitioner into the performance of the Construction Contracts by Respondents, is overly broad, unduly burdensome, and relevant to the issues in dispute, and whether it implicates merits issues in the underlying ICSID arbitration.
>
> \* \* \*
>
> **Discovery Dispute No. 13:** The parties dispute whether Petitioner Republic of Panama's incorporation of "Additional Objections" into each response, complies with the Court's discovery rules and leaves Respondents uncertain as to whether their requests have been fully answered.

*See* ECF No. [59] at 2–4. The Court held a hearing on the issues in the Notice on October 8, 2024 (the "Hearing"). *See* ECF No. [57]; ECF No. [62].

At the Hearing, Omega added *ore tenus* one more discovery dispute related to Request for Production No. 6, with no objection from Plaintiff/Counter-Defendant Republic of Panama ("Panama").[2] *See* ECF No. [62]. Omega also made an oral motion to compel better answers to its first set of written discovery requests (the "Oral Motion"). *See* ECF No. [62]; ECF No. [69]. The Court ruled on all the issues raised in Omega's Notice, *see* ECF No. [59]; on the additional *ore tenus* discovery dispute; and on Omega's Oral Motion, *see* ECF No. [62]; ECF No. [69]. To memorialize those rulings and to provide further clarification, it is **ORDERED and ADJUDGED** as follows:

---

[2] Omega requested permission to *ore tenus* add two other discovery disputes to the matters to be decided at the Hearing. Those disputes were related to Requests for Production Nos. 8 and 9, which Omega inadvertently omitted from its Notice. Because the Parties were already well over the time they had reserved for the Hearing when those requests were made, however, the Court declined to allow the further additions.

**Discovery Dispute No. 1:** According to the Notice, "Panama has objected to producing any documents in response to all Requests for Production Nos. 1 through 13" because it has a Motion to Stay Discovery[3] pending before Judge Moore. *See* ECF No. [59] at 2. It is well settled in this District that, if a Motion to Stay Discovery is filed, parties must continue to comply with their discovery obligations unless and until that Motion to Stay is granted. *See, e.g.*, *Monks v. Diamond Resorts Int'l, Inc.*, No. 17-14307-CIV, 2018 WL 4208330, at *2–3 (S.D. Fla. May 11, 2018) (noting that a party cannot "engage[] in unilateral 'self-help' by filing [a] motion for a protective order and then refusing to respond to any discovery while [the] motion is pending and the clock runs out" because discovery "may not be stayed absent an order from the District Court"). Parties may not ignore discovery requests while a Motion to Stay Discovery is pending. *See, e.g.*, *Mad Room, LLC v. City of Miami*, No. 21-23485-CV, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) ("[Plaintiffs'] Motion to Stay Discovery did not toll the discovery deadlines. Defendant was required to respond to Plaintiffs' discovery requests in a timely fashion."); *Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) (explaining that a party may not "stop complying with its discovery obligations when it files a motion to stay" or "simply ignore its discovery obligations while a motion to stay is pending"). Accordingly, Panama's objections to Omega's Requests for Production based on the pending Motion to Stay are **OVERRULED**. Panama must continue to comply with its discovery obligations, including by producing all non-privileged, non-objected to documents, unless and until Judge Moore grants a Motion to Stay Discovery. Panama must produce all non-privileged, non-objected to documents **no later than October 28, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

---

[3] Judge Moore denied as moot Panama's original Motion to Stay Discovery, *see* ECF No. [65], but Panama has since filed a renewed Motion to Stay Discovery, *see* ECF No. [68].

**Discovery Dispute No. 2:** According to the Notice, the Parties "dispute whether the terms 'execution' and 'alleged breach' of the settlement agreement in Request for Production No. 1 are vague and assume facts not in evidence." *See* ECF No. [59] at 2. At the Hearing, the Parties clarified that the disagreement derives from their differing views of whether the settlement agreement was ever executed. Upon questioning, Panama represented to the Court that it has documents related to the negotiation of the purported settlement agreement, and Omega offered a clarification about the documents it was seeking. Specifically, Omega explained that it was looking for any documents that bear signatures, initials, or other marks by government officials that convey an intention to accept the negotiated agreement. Based on the Parties' representations, Panama's objections to Request for Production No. 1 are **OVERRULED**. Panama must produce all non-privileged documents related to the negotiation, execution (as Omega defined that term at the Hearing), and alleged breach of the purported settlement agreement **no later than October 28, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 3:** According to the Notice, the Parties "dispute whether Request for Production No. 2 is overly broad, burdensome, and proportional to the case needs, and whether the documents requested are duplicative or already in" Omega's possession. *See* ECF No. [59] at 2. At the Hearing, Panama argued both that Request for Production No. 2 is duplicative of Request for Production No. 1 and that Omega already has the documents that would be responsive to it. Omega explained that it has many of the requested documents but not all of them, and it suggested the Parties could communicate to work out what Omega still needs. Although the Parties confirmed, upon questioning by the Court, that they had conferred about Panama's objection to Request for Production No. 2, it appears their conferral was not specific enough. Based on the

Parties' representations, the Court **DIRECTS** the Parties to meet again and have a meaningful conferral about which documents responsive to Request for Production No. 2 Omega still needs. If, after that conferral, the Parties still have a dispute regarding Request for Production No. 2, they may follow the Court's Order Setting Discovery Procedures to request the Court's assistance. *See* ECF No. [10] at 1–4.

**Discovery Dispute No. 4:** According to the Notice, the Parties "dispute whether the terms 'true up' and 'liquidation process' in Request for Production No. 3 are vague and speculative, and whether the request is overly broad, burdensome, and proportional to the case needs, and relevant." *See* ECF No. [59] at 2. At the Hearing, Omega clarified that Request for Production No. 3 relates to its Sixth Affirmative Defense, which asserts that Omega is entitled to a "set off" of any amount Panama owes Omega for work on the three commercial construction contracts between the Parties.[4] *See* ECF No. [61] at 9–10. Omega also noted that, while the quoted phrases are its own, Panama's own laws require it to decide how much of the construction contracts were completed so that it knows how much money it owes Omega for that work. Because Panama has that responsibility, Omega argued that Request for Production No. 3 has nothing to do with the merits of the arbitration award and everything to do with Panama's independent obligation to ascertain and pay what it owes Omega. Panama, on the other hand, argued that a set-off defense may be asserted only if the set-off amount is already fixed, settled, and undisputed. Upon questioning by the Court, the Parties held differing views about whether the Court could decide this issue as part of a discovery dispute or whether it is more appropriately directed to Judge Moore as part of the

---

[4] At the Hearing, the Parties agreed that Discovery Dispute Nos. 5, 8, 9, 10, and 11 — which relate to Request for Production Nos. 4, 10, 11, 12, and 13, respectively — are also connected to Omega's Sixth Affirmative Defense asserting set off, so the same analysis applies to those Disputes. As a result, though the Court preserves Omega's Notice numbering to avoid confusion, the Court refers back to this discussion to address these Disputes.

merits of the litigation (specifically, the merits of the arbitration award itself). For that reason, the undersigned took this Discovery Dispute (and the related Discovery Disputes) under advisement and ordered the Parties to submit supplemental authority addressing whether the undersigned has the power to decide this issue under Federal Rule of Civil Procedure 26.

The Parties' supplemental authority, and the Court's own research, reveal several principles applicable to actions enforcing an arbitral award rendered by the International Centre for the Settlement of Investment Disputes ("ICSID"). As an initial matter, "enforcing courts may not reexamine the merits of an ICSID award itself." *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 1:19-CV-2943 (JMC), 2023 WL 2536368, at *5 (D.D.C. Mar. 16, 2023). But just because parties may not bring "substantive attacks" on an ICSID award does not mean they cannot "make non-merits challenges to the award." *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 121 (2d Cir. 2017). As the Second Circuit has recognized, "the possibility that an offset might apply to the award that would make execution in the full amount improper" is a non-merits challenge. *Id.*

While parties can bring setoff defenses in ICSID enforcement actions, enforcing courts must not "entertain[] setoffs where there [are] genuine questions as to the validity, finality, or amount of the underlying debt" that would be used as the setoff. *See Perenco*, 2023 WL 2536368, at *6. For that reason, "a setoff may not be brought in an ICSID enforcement proceeding if the parties dispute the finality, validity, or amount of the underlying debt." *Id.* On the other hand, "undisputed setoffs, or setoffs involving frivolous objections," might be appropriate in an ICSID enforcement proceeding. *Id.*; *see also id.* (noting that "an undisputed setoff — where both parties agree to the setoff's terms — would not risk offending the ICSID Tribunal's decision" because "it would be a simple accounting mechanism").

7

In relevant part, Panama argues that, even if the Parties are engaged in the "liquidation process" Omega asserts is ongoing between them, the process has not yet resulted in a fixed amount of money that both Parties agree is due from Panama to Omega under the construction contracts. *See* ECF No. [66] at 15–19 (arguing that the liquidation process is not actually occurring and, even if it were, it has not yet determined whether Panama owes Omega any amount, let alone a fixed amount). Because in Panama's view any potential setoff amount is still speculative and not fixed, Omega's Sixth Affirmative Defense raising setoff is invalid and therefore cannot meet the relevance standard required to support a discovery request.

After considering the Parties' arguments and supplemental authority, and conducting its own research on the matter, the undersigned finds "it is not appropriate . . . to opine on whether the affirmative defense of set-off is viable in this case." *See Kaminsky v. Nat'l Bureau Collection Corp.*, No. 07-61604-CIV, 2008 WL 11330717, at *4 (S.D. Fla. Oct. 15, 2008). Although Panama may be correct that Omega's setoff defense will ultimately be deemed invalid, that decision is not for the undersigned to make. "Significantly, the motion now before the Court for consideration is not a motion to strike the affirmative defense nor is it a motion *in limine* to disallow" Omega "from asserting the affirmative defense during the trial of this matter. Instead, the undersigned is presented with a discovery motion . . . in connection with allowable discovery under" Rule 34 relating to Requests for Production "and the broader umbrella of Rule 26(b)(1)." *See Kaminsky*, 2008 WL 11330717, at *4. Whether Omega's Sixth Affirmative Defense raising setoff is valid is a merits question for Judge Moore or a jury. *Cf.* ECF No. [27] (requesting leave to amend answer, in part so that Omega could add the setoff defense); ECF No. [60] (granting leave to amend answer and allowing Omega to add the defense).

Because Requests for Production No. 3 relates "to a defense in this matter (*i.e.*, set-off) that is not frivolous," Omega "may fairly seek discovery in support of this affirmative defense pursuant to Rules 36 and 26(b)(1)." *See Kaminsky*, 2008 WL 11330717, at *4. For this reason, Panama's objections to Request for Production No. 3 are **OVERRULED**. Panama must produce all non-privileged documents related to the liquidation process under Panamanian law for the construction contracts, including any accounting records, reports, or correspondence related to this process, **no later than November 12, 2024**.[5] Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 5:** According to the Notice, the Parties have the same dispute about Request for Production No. 4 as they do about Request for Production No. 3. *See* ECF No. [59] at 2. For that reason, the same analysis and conclusion apply. Accordingly, Panama's objections to Request for Production No. 4 are **OVERRULED**. Panama must produce all non-privileged documents related to any payments or amounts it claims under the construction contracts that are subject to the liquidation process **no later than November 12, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 6**: According to the Notice, the Parties "dispute whether Request for Production No. 5" seeks relevant information and is "overly broad, unduly burdensome, and proportional to the needs of the case." *See* ECF No. [59] at 2. At the Hearing, upon questioning from the Court, Panama represented that it was not withholding any documents and that it has nothing that is responsive to Request for Production No. 5 in its possession, custody, or control. Based on Panama's representations, Panama's objections to Request for Production No. 5 are

---

[5] Because the undersigned deferred ruling on Discovery Dispute Nos. 5, 8, 9, 10, and 11 at the Hearing and ordered the Parties to provide supplemental research, Panama will have additional time to serve its responses as it relates only to these specific Disputes.

9

**OVERRULED**.  The proper response when a party has no responsive documents (or no additional responsive documents) is not to object on relevance (or other) grounds.  Instead, the party should make clear in its response that it has no (or no additional) responsive documents.  Accordingly, Panama must provide an Amended Response to Request for Production No. 5 clarifying that it has nothing else responsive in its possession, custody, or control **no later than November 12, 2024**.

**Discovery Dispute No. 7:** According to the Notice, the Parties "dispute whether Request for Production No. 7" is "is duplicative, overly broad, unduly burdensome, and proportional to the needs of the case.  *See* ECF No. [59] at 3.  At the Hearing, Panama explained that it views Request for Production No. 7 as duplicative of Request for Production No. 1. Based on Panama's representation, and for the same reasons discussed above as to Request for Production No. 1, Panama's objections to Request for Production No. 7 are **OVERRULED**.  Panama must produce all non-privileged documents related to any settlement discussions or negotiations between the Parties regarding the ICSID Final Award **no later than October 28, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.  If the responsive documents are the same as (or contained within) those produced in response to Request for Production No. 1, Panama may produce the documents once and simply identify the Bates number ranges that correspond to Request for Production No. 7 and Request for Production No. 1 respectively.

**Discovery Dispute No. 8:** According to the Notice, the Parties have the same dispute about Request for Production No. 10 as they do about Request for Production Nos. 3 and 4.  *See* ECF No. [59] at 3. For that reason, the same analysis and decision apply. Accordingly, Panama's objections to Request for Production No. 10 are **OVERRULED**.  Panama must produce all non-privileged documents related to the termination of the construction contracts, including any

10

notices, correspondence, and reports, **no later than November 12, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 9:** According to the Notice, the Parties have the same dispute about Request for Production No. 11 as they do about Request for Production Nos. 3, 4, and 10. *See* ECF No. [59] at 3. For that reason, the same analysis and decision apply. Accordingly, Panama's objections to Request for Production No. 11 are **OVERRULED**. Panama must produce all non-privileged documents related to the calculation and determination of the amounts owed under the liquidation process for the construction contracts **no later than November 12, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 10**: According to the Notice, the Parties have substantially the same dispute about Request for Production No. 12 as they do about Request for Production Nos. 3, 4, 10, and 11. *See* ECF No. [59] at 3. For that reason, the same analysis and decision apply, with one caveat. The Court agrees with Panama that Omega's request for documents related to reviews or inspections of the construction contracts is irrelevant to its Sixth Affirmative Defense of setoff. As a result, the Court will **SUSTAIN** Panama's objections to Request for Production No. 12 to the extent those objections relate to reviews or inspections. Panama's other objections to Request for Production No. 12 are **OVERRULED**. Panama must produce all non-privileged documents related to any audits of the construction contracts by Panama or on Panama's behalf conducted after the arbitration award was entered[6] and such documents must be produced **no later than November 12, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

---

[6] During the Hearing, Omega explained that the intended temporal scope of Request No. 12 is the time period after the arbitration award was entered. The same time limitation applies to Request No. 13.

11

CASE NO. 24-CV-21097-MOORE/Elfenbein

**Discovery Dispute No. 11:** According to the Notice, the Parties have the same dispute about Request for Production No. 13 as they do about Request for Production Nos. 3, 4, 10, 11, and 12. *See* ECF No. [59] at 3. For that reason, the same analysis and decision apply, with one caveat. The Court agrees with Panama that Omega's request for documents related to investigations or reviews into Omega's performance of the construction contracts is irrelevant to its Sixth Affirmative Defense of setoff. As a result, the Court will **SUSTAIN** Panama's objections to Request for Production No. 13 to the extent those objections relate to investigations or reviews. Panama's other objections to Request for Production No. 13 are **OVERRULED**. Panama must produce all non-privileged documents related to any audits conducted by Panama or on Panama's behalf after the arbitration award was entered that relate to Omega's performance of the construction contracts and such documents must be produced **no later than November 12, 2024**. Any documents withheld based on privilege must be disclosed on a privilege log within the same timeframe.

**Discovery Dispute No. 13:** According to the Notice, the Parties dispute whether Panama's "incorporation of 'Additional Objections' into each response, complies with the Court's discovery rules and leaves Respondents uncertain as to whether their requests have been fully answered." *See* ECF No. [59] at 4; ECF No. [59-2] at 25–27 (listing fifteen general objections that Panama "incorporated by reference into each of" its "Responses and Specific Objections"). At the Hearing, the Court agreed that most of Panama's "additional objections" were explicitly prohibited by the Court's Order Setting Discovery Procedures. *See* ECF No. [10] at 5–7. Notwithstanding the Court's prohibitions on general objections, Panama maintained its objections based on privilege and scope. Upon questioning by the Court, the Parties indicated that they had not conferred about which Panamanian Ministry is the appropriate document custodian for Omega's Requests for

12

Production. Based on the Parties' representations and the Court's Order Setting Discovery Procedures, *see* ECF No. [10] at 5–7, Panama's "additional objections" are **OVERRULED except as set forth below**. To the extent Panama claims legal privilege, the process for doing so is already set out in Federal Rules of Civil Procedure 26 and 34. As a result, Panama can preserve its privilege objections by producing a privilege log at the same time it produces any non-privileged responsive documents. *See* Fed. R. Civ. P. 26(b)(5). As to Panama's objections to scope, the Court **DIRECTS** the Parties to meet and confer about which Panamanian Ministry is the appropriate document custodian for Omega's Requests for Production. If, after that conferral, the Parties still have a dispute about the appropriate scope or custodian, they may follow the Court's Order Setting Discovery Procedures to request the Court's assistance. *See* ECF No. [10] at 1–4.

*Ore tenus* **Discovery Dispute**: At the Hearing, Omega explained that Panama objects to Request for Production No. 6, which sought "all documents related to any liens, levies, or seizures of property or assets of Respondents in Panama or any other jurisdiction in relation to the enforcement of the ICSID Final Award." *See* ECF No. [59-2] at 16–17. Specifically, Panama argues that Request for Production No. 6 is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. *See* ECF No. [59-2] at 16–17. Subject to those objections, Panama also responds that "there are no responsive documents." *See* ECF No. [59-2] at 16–17. Upon questioning by the Court, Omega clarified that Request for Production No. 6 relates to its Sixth Affirmative Defense, and Panama reiterated that it has no responsive documents. The Court then instructed Panama's counsel to confirm with his client that no responsive documents exist and, if responsive documents do exist, to file a notice on the docket indicating that fact no later than October 10, 2024. No such notice was filed. As a result, based on Panama's representations, Panama's objections to Request for Production No. 6 are **OVERRULED**. The proper response

when a party has no responsive documents (or no additional responsive documents) is not to object on relevance (or other) grounds. Instead, the party should make clear in its response that it has no (or no additional) responsive documents. Accordingly, Panama must provide an amended response to Request for Production No. 6 clarifying that it has nothing else responsive in its possession, custody, or control **no later than October 28, 2024**.

For the reasons explained above, Omega's Oral Motion to Compel better answers to their first set of written discovery requests, **ECF No. [69]**, is **GRANTED in part**. The Parties shall comply with the Court's directives set out above.

**DONE AND ORDERED** in Chambers in Miami, Florida on October 22, 2024.

*[signature]*

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record