UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21097-KMM

REPUBLIC OF PANAMA,

    Plaintiff,

v.

OMEGA ENGINEERING LLC, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon Republic of Panama's ("Petitioner") Renewed Motion for Judgment on the Pleadings ("Mot." or "Motion") (ECF No. 66). Respondents Omega Engineering LLC and Oscar Rivera (collectively as "Respondents") filed a Response ("Resp.") (ECF No. 78), and Petitioner filed a Reply. ("Reply") (ECF No. 83). For the following reasons, Petitioner's Motion is converted to a motion for summary judgment.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *Moraes v. New Horizons of the Treasure Coast, Inc.*, No. 12-CV-14155, 2013 WL 4009438, at *2 (S.D. Fla. Aug. 5, 2013). All material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir.

2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Nevertheless, in bringing this Motion, Petitioner filed several exhibits that are not central to its Petition; thus, the Court cannot consider Petitioner's exhibits in reviewing the instant Motion. Federal Rule of Civil Procedure 12(d) states that "if on a motion under Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court must give the Parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "When ... conversion occurs, the district court must comply with the requirements of Rule 56. The district court is required to notify the parties that the motion has been converted and give the parties 10 days in which to supplement the record." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (citations omitted). Once the required notice is given, "the court properly may consider the converted motion for summary judgment and any materials in support of or in opposition to the motion as of a certain day." *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1532 (11th Cir. 1990).

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Petitioner's Motion for Judgment on the Pleadings (ECF No. 66) is CONVERTED to a motion for summary judgment. Petitioner need not refile its Motion separately on the docket. The Parties shall have 10 days from the date of this Order to supplement

the record consistent with Federal Rule of Civil Procedure 56 and Local Rule 56.1 of the Local Rules of the Southern District of Florida. Respondent shall then have fourteen (14) days to respond. Petitioner shall have seven (7) days to reply to Respondent's response, if any.

DONE AND ORDERED in Chambers at Miami, Florida, this *20th* day of March 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record